THOMAS J. KING *et al., vs.* BOARD OF CANVASSERS AND REGISTRATION OF CITY OF PROVIDENCE.

DECEMBER 15, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Elections. Partnership. Property.*

Two members of a copartnership having equal interests who are otherwise qualified under the constitution and laws of this State, which copartnership has been lawfully taxed in the year 1914 upon $1,200 tangible personal property belonging to said copartnership, and which tax was paid October 22, 1914, are entitled to be listed among the persons entitled to vote in the election of officers, including the city council at the election on November 3, 1914.

*(2)   Partnership.   Elections.   Taxation.*

The interest of partners in the assets of a firm, is *property* and a tax upon the assets of the firm paid by the firm is a tax paid out of said property.

*(3)   Taxation.   Elections.*

Pub. Laws, cap. 640, § 22, provides that no person shall be admitted to vote for certain officers or upon certain propositions "unless upon the production of a certificate  .   .   .    that he has paid such tax assessed against him  .   .   .   " and Cons. R. I., Art. II, § 2, provides that no person shall be allowed to vote for such officers or propositions unless he shall "have paid a tax assessed upon his property therein  .   .   .   ."

*Held,* that the words used in Sec. 22, "tax assessed against him" could impose no greater limitation or restriction upon the right of voting than the words of the constitution "tax assessed upon his property."

*(4)   Construction of Statutes.*

The court will construe a statute if possible to avoid the objection of unconstitutionality.

*(5)   Elections.   Partnership.*

Gen. Laws, 1909, Cap. 8, §.32, empowering the board of canvassers and registration of the city of Providence to compel the attendance of witnesses and the production of papers offers a means to determine whether the interest of a partner is sufficient to entitle him to vote.

MANDAMUS.   Petition granted.

JOHNSON, C. J.   The petitioners, Thomas J. King and Patrick H. King, both of Providence, in the county of Providence, set out in their petition that they are citizens of the United States and of the State of Rhode Island and have, during all their respective lives, been residents of said Providence.

That they are, and for several years last past have been, copartners doing business in said Providence under the firm name and style of Patrick King.

That in the year 1912 the names of each of said petitioners were by the Board of Canvassers placed upon the list of persons' who were qualified by the payment of a personal property tax to vote for all general officers and for members of the Board of Aldermen and the City Council of said Providence, at the election held in said Providence, in November, 1912.

That in the year 1913 there was no election held in said Providence and no voting list was made up for that year.

That in the year 1914 the Board of Tax Assessors of said city assessed said copartnership on tangible personal property in the sum of $1,200 and said petitioners have duly paid said tax assessed against them; that the interest of each of said copartners in said taxed property is of greater value than $134.

That said petitioners have applied to said Board of Canvassers and Registration to have their names placed on the list of persons who, by reason of the ownership of personal property and the payment of a tax thereon, are qualified to vote for all officers to be voted for at the general election to be held on the third day of November, A. D. 1914, including members of the Board of Aldermen and Common Councilmen of said Providence, but that said Board of Canvassers, etc., has refused to place their names on said list and denies that they are entitled to vote at said election for said officers or for any other persons.

They pray that said Board of Canvassers be ordered by writ of mandamus to place the names of said petitioners on said list of persons who, by reason of the ownership of personal property and the payment of the tax thereon, are entitled to vote for all officers to be elected, including members of the Board of Aldermen and Common Council in the ward in which they reside in said Providence.

(1) The question is therefore presented: Are two citizens of the United States and of this State, who are otherwise qualified under the constitution and laws of this State, and who are copartners in a copartnership situated in the City of Providence, which said copartnership has been lawfully taxed in the year 1914 in said city upon twelve hundred dollars tangible personal property belonging to said copartnership, and which tax was paid October 22, 1914, entitled by reason of such taxation and the payment of said tax to be listed among the persons entitled to vote in the election of all said officers, including the city council of said City of

Providence, at the election to be held on the third day of November, 1914?

The constitutional provision limiting the right to vote in the election of the city council of any city is contained in the proviso of Article II, Section 2 of the Amended Constitution: "*Provided,* that no person shall at any time be allowed to vote in the election of the city council of any city or upon any proposition to impose a tax, or for the expenditure of money in any town or city, unless he shall within the year next preceding have paid a tax assessed upon his property therein, valued at least at one hundred and thirty-four dollars." This proviso is repeated in Chapter 6 of the General Laws, 1909, "Of the Rights and Qualifications of Voters," Section 1. Chapter 7 of the General Laws, 1909, "Of the Registering, Listing and Returning Lists of Voters and of Proof of their Qualification to Vote," was amended by Chapter 640 of the Public Laws, approved August 22, 1910. Section 22 of said Chapter 640 is as follows: "Sec. 22. No person who claims the right to vote upon the payment of a tax or taxes assessed against him upon property, for aldermen or common councilmen of any city within this State, or upon any proposition to impose a tax or for the expenditure of money in any town or city, shall by the Boards of Canvassers be admitted to vote for said officers or upon said propositions, unless upon the production of a certificate from the collector of taxes, town treasurer, or clerk of the town or city in which he resides, that before the sixth day preceding the day of such voting he has paid such tax assessed against him therein for and within such year." The provision for the taxation of partners in General Laws, 1909, Chapter 57, § 9, was as follows: "*Second.* Partners in mercantile or other business, whether residing in the same or in different places, shall be jointly taxed under their partnership name, in the place where their business is carried on, for all the personal property pertaining to such business. If partners have places of business in two or more towns, they shall be taxed in each of such towns for the partnership property

pertaining to the business transacted therein. Tangible personal property of the partnership, situated or being in any town where the partnership has no place of business, shall be taxed therein to the partners.jointly under their partnership name. Each partner shall be liable for the whole of the copartnership tax.'' Said Section 9 of Chapter 57, General Laws, 1909, was amended by Chapter 769, § 39, Public Laws, 1912, so as to provide that tangible personal property, as enumerated therein, ''belonging to any person, partnership, corporation, joint stock company or association, shall be taxed to such person, partnership, corporation, joint stock company, or association in the town where said property is situated.''

The respondents claim that the statutes of this State relating to taxation treat a partnership as an entity. As we have seen, by Chapter 769, § 39, Public Laws, 1912, the property of the partnership ''shall be taxed to such . . . partnership.'' We do not think there is any essential difference, so far as the right to vote of the partners, is concerned between this provision and that of Chapter 57, § 9, General Laws, 1909, that ''Partners in mercantile or other business, whether residing in the same or in different places, shall be jointly taxed under their partnership name, in the place where their business is carried on, for all the personal property pertaining to such business.'' If the partnership is treated as an entity in the one case it is equally so treated in the other. We think the partners are jointly taxed under the partnership name under Chapter 769, § 39, Public Laws, as well as they were under Chapter 57, § 9, General Laws. A partnership exists when it has been formed by the act of the persons who compose it, and the statute provides that the property belonging to such partnership shall be taxed to such partnership. . We do not think that this prevents its being a tax upon the interests of the partners therein. It is well settled that the interest of a partner in the firm property is the share to which he is entitled under the partnership contract, after the firm debts are paid and the

partners' equities are adjusted. This interest may be seized under legal process. *Randall* v. *Johnson*, 13 R. I. 338; *Trafford* v. *Hubbard*, 15 R. I. 326. It may also be mortgaged by the partner, *Patterson* v. *Atkinson*, 20 R. I. 102. This interest of the partners in the assets of the firm is therefore property. A tax upon the assets of the firm, paid by the firm, is a tax paid out of said property. In the case at bar, the partners hold equal interests in the co-partnership, and the interest of each partner is inevitably reduced by the amount of one-half of the tax paid. The constitutional provision cited *supra* requires that a person "shall within the year next preceding have paid a tax assessed upon his property therein valued at least at one hundred and thirty-four dollars," while Chapter 640, § 22, Public Laws, 1910, provides that no person shall be admitted to vote for said officers or upon said propositions, "unless upon the production of a certificate from the collector of taxes, town treasurer, or clerk of the town or city in which he resides, that before the sixth day preceding the day of such voting he has paid such tax assessed against him therein for and within such year." We take it that the words used in said Section 22 "tax assessed against him" can impose no greater limitation or restriction upon the right of voting than the words of the constitution "tax assessed upon his property," and that they must be so construed if possible to avoid the objection of unconstitutionality. We see no difficulty in so construing them.

Respondents suggest that the legislature has made no provision whereby a tax on a partnership could be considered a tax on the individual members of a firm, and that the Board of Canvassers and Registration have no means whereby they may determine whether a partner's interest is sufficient to entitle him to vote. But by Chapter 8, General Laws, 1909, § 32, the Board of Canvassers and Registration is authorized and empowered to summon and compel the attendance of witnesses, and to compel the production of all papers, books, documents, records, certifi-

cates or other legal evidence that may be necessary or proper for the determination and decision of any question or the discharge of any duty required by law of said board.

We think the petitioners have the right to have their names placed upon the list of those persons who are entitled to vote in the election of all civil officers, including members of the City Council of the City of Providence at the election to be held November 3, 1914.

The petition is granted.

*Comstock & Canning, Patrick P. Curran, Joseph P. Canning,* for petitioner.

*Albert A. Baker, City Solicitor; Elmer S. Chace, Assistant City Solicitor,* for respondents.